No. 22902.

WILLIAM JAMES BRESNAHAN, JR., AND EDWARD L. WOOD, ESQ., AS GUARDIAN AD LITEM OF WILLIAM JAMES BRES-NAHAN, JR. *v.* THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT AND THE HONORABLE WILLIAM H. LUBY, DISTRICT JUDGE.

(434 P.2d 419)

Decided December 4, 1967. Opinion modified and as modified rehearing denied December 26, 1967.

264

Edward L. Wood, John L. Kane, Jr., for petitioners.

Anthony F. Zarlengo, John P. Moore, Assistant Attorney General, for respondents.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the Court.

BRESNAHAN, age 16, pled guilty to murder of the first degree in each of two informations filed in the district court presided over by the Honorable William H. Luby. On January 27, 1965 Bresnahan was sentenced to life imprisonment in each case.

Pursuant to Colo. R. Crim. P. 35(b) Bresnahan on April 12, 1966 filed with the court a motion to vacate the aforementioned judgments and sentences. Contained in the motion to vacate was a request that the trial judge disqualify himself from hearing and determining the aforesaid motion to vacate, and as ground therefor Bresnahan stated that he intended to call the trial judge as a witness upon the hearing of his motion. The trial judge refused to thus disqualify himself, whereupon Bresnahan, and his court appointed guardian ad litem, Edward L. Wood, instituted an original proceeding in this Court. We issued a rule to show cause, though we later discharged the rule after holding that the request for disqualification under the circumstances had been properly denied. See *Bresnahan v. Luby*, 160 Colo. 455, 418 P.2d 171.

In the course of our opinion in *Bresnahan v. Luby, supra*, we made the following comment relating to the future conduct of the proposed 35(b) hearing:

"There is argument as to whether certain reports which are in the possession of the respondents and which are being treated as confidential by him should be opened to examination by counsel for Bresnahan and their contents made a part of the record for consideration in connection with pertinent issues raised by the motion to vacate the judgment. *Insofar as these documents are concerned, there is no necessity for testimony by the trial judge, for it can certainly be stipulated which of those was before him when he accepted the change of plea or at any other times pertinent to the proceedings*

*here, and thereupon they can be made a part of the record so that all facts bearing upon the issues raised under the motion to vacate the judgment may be part of the record in this case.* (Emphasis added.)

Thereafter further preliminary hearings were held by the respondent judge, and as a result of certain of his rulings Bresnahan and the guardian ad litem have now instituted a *second* original proceeding in this court. The respondents in the present proceeding are the District Court of the Fifth Judicial District and the Honorable William H. Luby, Judge of the aforesaid district court. In their "petition for a Writ of Mandamus and for Other Relief" the petitioners complain about the respondents, as we understand it, as follows:

1. the respondent judge has generally failed to follow the "direction" of this Court as set forth in the first original proceeding between the parties, particularly as regards the probation and pre-sentence investigation reports;

2. the respondent judge by refusing to order the taking of the depositions of two residents of Wyoming has effectively barred the petitioners from essential testimony in support of Bresnahan's motion to vacate; and

3. the refusal of the trial court to order that the costs of taking the depositions, above referred to, be paid out of public funds.

Upon such showing, we issued a *second* rule to show cause. The respondents have now made their response thereto and the matter now awaits our determination.

In *Bresnahan v. Luby, supra,* we stated that inasmuch as the evidence sought to be adduced by Bresnahan in support of his motion to vacate could be obtained from witnesses other than the trial judge, the trial judge in such circumstances was not such a material witness as to require his disqualification. In that particular proceeding there was also a dispute concerning certain written reports, namely doctor's reports, probation and pre-sentence reports, and the like, which were then in

the possession of the respondent judge. According to the petitioners, these reports were being treated by the respondent judge as confidential in nature and therefore unavailable to the petitioners for the purpose of inspection, and copying and using in connection with their motion to vacate. The contents of these particular reports were said to have been known by the respondent judge as of the time when he permitted Bresnahan to change his plea from one of "not guilty" to one of "guilty."

In the earlier proceedings we stated in connection with these various reports that there was no need for the trial judge to offer testimony re'ative thereto and, as already noted, we optimistically opined that "it can certainly be stipulated which of those was before him when he accepted the change of plea or at any other times pertinent to the proceedings here, and thereupon can be made a part of the record that all of the facts bearing upon the issues raised under the motion to vacate may be part of the record in this case."

The foregoing statement, however, did not resolve this phase of the controversy. Upon hearing the trial judge and the district attorney were apparently uncertain as to which of them was to enter into the "stipulation" above referred to. In any event, neither party did so "stipulate," all of which has prompted the second original proceeding.

■ To clear up any doubt or possible misunderstanding about this particular matter, it is now the order of this Court that the respondent judge identify for the purposes of the record in the 35 (b) hearing *all* documents, letters and reports which were before him as of the time he permitted Bersnahan to plead guilty to murder of the first degree. Such identification should be made without regard to the ultimate admissibility of the particular document at the 35 (b) hearing. The documents thus identified by the respondent judge should then be furnished to counsel for petitioners, for

the purpose of inspection, copying and for such use by counsel in the 35 (b) hearing as applicable rules permit.

In support of their further contention that they have the right in preparation for the 35 (b) hearing to take the depositions in Wyoming of two Wyoming residents, the petitioners rely upon R.C.P. Colo. 26, 27, 28 and 30. In other words, the petitioners concede that the Colorado Rules of Criminal Procedure adopted by us in 1961 do not provide for the taking of depositions outside of Colorado. They argue, however, that inasmuch as a 35 (b) "supersedes" habeas corpus, the latter being admittedly a civil proceeding, that a 35 (b) hearing is therefore itself civil, and not criminal, in nature. Once this premise is accepted, say the petitioners, then it must necessarily follow that depositions in a 35 (b) hearing are governed by our Rules of Civil Procedure, and not by our Rules of Criminal Procedure. With this line of reason we are not in accord.

 A 35 (b) hearing is not a civil proceeding. Rather, it is but one phase of a criminal proceeding. Such being the case, then, the taking of any deposition to be used in a 35 (b) hearing is governed by our Rules on Criminal Procedure and The Uniform Act to Secure the Attendance of Witnesses From Without a State in Criminal Proceedings. C.R.S. 1963, 39-6-1 through 6. Colo. R. Crim. P. 15 makes no specific reference to the taking of depositions out of state, though Rule 17 (e) (2) states that service of a subpoena on a witness outside the state "shall be only as provided by law." Moreover, Rule 15 would appear to limit the taking of depositions in a criminal proceeding to those situations where the prospective witness "may be unable to attend a trial or hearing." This would apparently rule out taking of depositions in a criminal proceeding for purely discovery purposes, be it in-state or out-of-state. In any event, it would appear that the court under all the circumstances acted properly in refusing to grant the petitioners' request that prior to the 35 (b) hearing they

be allowed to take two depositions in the State of Wyoming. Such being true, then, the trial court also properly denied petitioners' further request that the cost of taking such depositions be borne by the public. In this latter connection Bresnahan was allegedly a poor person without funds and therefore unable to stand the expense of taking such depositions.

Our determination that the Rules of Civil Procedure do not govern the taking of depositions in connection with a 35(b) hearing is, needless to say, without prejudice to the right of the petitioners to serve subpoenas in accordance with the Rules of Criminal Procedure and applicable statute on the aforementioned Wyoming residents and thereby compel their attendance at the 35(b) hearing. Colo. R. Crim. P.15 and 17(e)(2) and C.R.S. 1963, 39-6-1 through 6.

The rule, therefore, as it relates to the production and identification of those documents, letters and reports which were before the respondent court as of the time it permitted Bresnahan to change his plea to one of guilty to murder of the first degree, and to then make the same available to counsel for the petitioners, is made absolute. The balance of the rule is discharged.