The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Richard Dale HICKEY, Defendant–
Appellant.

No. 94CA0314.

Colorado Court of Appeals,
Div. II.

March 9, 1995.

Rehearing Denied April 27, 1995.

Certiorari Denied Sept. 5, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Lauren Edelstein, Sp. Asst. Atty. Gen., Denver, for plaintiff-appellee.

Craig Stirn, Fort Collins, for defendant-appellant.

Opinion by Judge ROY.

Defendant, Richard Dale Hickey, appeals the trial court's order denying his Crim.P. 35(c) motion. We remand for further proceedings.

The defendant was convicted in November of 1986 of first degree kidnapping, false imprisonment, robbery from the elderly, first degree burglary, theft from the elderly, and aggravated motor vehicle theft, all of which occurred in April of 1986. He was sentenced to the Department of Corrections for forty-eight years on the first degree kidnapping charge and to lesser concurrent terms on the remaining counts. The convictions and sentence were affirmed on direct appeal. *People v. Hickey,* (Colo.App. No. 86CA1867, October 27, 1988) (not selected for official publication).

In April of 1991, the defendant filed a *pro se* Crim.P. 35(c) motion. In August of 1993, defendant's court-appointed counsel filed an amended Crim.P. 35(c) motion. Both motions alleged ineffective assistance of trial and appellate counsel as the sole ground upon which relief was requested. The defendant requested the appointment of an expert witness which request was denied. A hearing was held December 20, 1993, at which only the defendant testified. Defendant filed an *extended memorandum relating to the* issues, and the motion was denied.

■ On appeal, through yet another counsel, the defendant raises the issue of ineffective assistance of counsel in the post-conviction proceeding; an issue concerning which no motion has been filed with the district court, no hearing held, no evidence presented, and no ruling rendered. Allegations not raised in a Crim.P. 35(c) motion or during the hearing on that motion and thus not ruled on by the trial court are not properly before this court for review. *See People v. Simms,* 185 Colo. 214, 523 P.2d 463 (1974); *People v. Hampton,* 857 P.2d 441 (Colo.App. 1992), *aff'd,* 876 P.2d 1236 (Colo.1994). Therefore, absent more, this appeal should be dismissed.

Because mere dismissal could, and probably would, lead to yet further post-conviction proceedings without addressing the primary and underlying issues, we are compelled to remand.

The defendant has not appealed the denial of the underlying Crim.P. 35(c) motion, and that denial is now final as to the issues raised in that proceeding. The only remaining issue is whether the defendant had effective assistance of counsel with respect to the post-conviction proceeding. We remand the matter to the district court for a determination of that issue.

If the district court determines that the defendant was not accorded effective assistance of counsel in the post-conviction proceeding, then the court should reopen the Crim.P. 35(c) proceeding, rehear the matter, and make such findings and orders with respect thereto as are necessary and appropriate. If the district court determines that the defendant was accorded effective assistance at the Crim.P. 35(c) proceeding, then there will be a final and binding order with respect to the issue of effective assistance of counsel at trial and on direct appeal. *See People v. Duran,* 757 P.2d 1096 (Colo.App.1988).

Because the matter will, of necessity, arise on remand, we address the issue of what standard of representation is required of counsel in a Crim.P. 35 proceeding.

■ The right to effective assistance of counsel at trial and on direct appeal is based on the Sixth Amendment of the United States Constitution and Article II, Section 16 of the Colorado Constitution. *See People v. Davis,* 849 P.2d 857 (Colo.App.1992), *aff'd,* 871 P.2d 769 (Colo.1994). However, there is no constitutional right to counsel in a post-conviction proceeding, *People v. Demarest,* 801 P.2d 6 (Colo.App.1990), but rather a limited statutory right. *People v. Duran, supra; People v. Naranjo,* 738 P.2d 407 (Colo. App.1987).

This statutory right to counsel is tenuously premised on an interpretation of the statutes creating and governing the office of the state public defender and requiring that office to prosecute post-conviction remedies which have arguable merit. *People v. Duran, supra. See* §§ 21-1-103(1), C.R.S. (1994 Cum. Supp.) and 21-1-104, C.R.S. (1986 Repl.Vol. 8B).

Our supreme court has not directly ruled on whether there is a right to court-appointed counsel with respect to post-conviction remedies. *See Murphy v. People*, 863 P.2d 301 (Colo.1993) (fn. 9). However, it has held that a Crim.P. 35(c) proceeding is controlled by the criminal rules with respect to discovery. *Bresnahan v. District Court*, 164 Colo. 263, 434 P.2d 419 (1967).

In addition, a division of this court has opined, based on the statutory underpinnings of the right to counsel, that a waiver of counsel in a post-conviction proceeding is valid if it is voluntary without the necessity that it also be knowing and intelligent. *People v. Duran, supra*. Further, while reserving the issue of the right to counsel in post-conviction proceedings, our supreme court has held that appointed counsel must be conflict free. *Murphy v. People, supra*.

■ In light of these considerations, we conclude that there is a limited statutory right to counsel in post-conviction proceedings when the allegations are factually sufficient to warrant a hearing. We likewise conclude that the failure to provide effective assistance of counsel is tantamount to not providing counsel at all.

With respect to effective assistance of counsel in a criminal proceeding, the United States Supreme Court has stated:

[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.* In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

. . . .

*The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.*

*Strickland v. Washington*, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 2066, 2068, 80 L.Ed.2d 674, 695, 698 (1984) (emphasis added); *see also People v. Davis, supra*.

■ We conclude that the test announced in *Strickland v. Washington, supra*, while based on the constitutional right to counsel, is applicable to the determination of whether a defendant has received effective assistance of counsel in a post-conviction proceeding.

The People would have us adopt the standard announced in *Baum v. Indiana*, 533 N.E.2d 1200, 1201 (Ind.1989) which is, "if counsel in fact appeared and represented the petitioner in a procedurally fair setting which resulted in a judgment of the court," it is effective. We decline to adopt the *Baum* rule because, unlike Colorado, Indiana views post-conviction proceedings as civil in nature.

The cause is remanded to the district court for further proceedings in conformity with the views herein expressed.

CRISWELL and BRIGGS, JJ., concur.