The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Madrios Ah CHANG, Defendant–Appellant.

No. 06CA1194.

Colorado Court of Appeals, Div. III.

Sept. 6, 2007.

John W. Suthers, Attorney General, Elizabeth J. Wahl, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Leslie A. Goldstein, Steamboat Springs, Colorado, for Defendant–Appellant.

Opinion by Judge BERNARD.

Defendant, Madrios Ah Chang, appeals the trial court's order denying his motion for postconviction relief. We reverse and remand for additional proceedings.

## I. Background

Defendant, when he was seventeen years old, was charged as an adult with first degree sexual assault and second degree kidnapping, both designated as class two felonies, in March 1996. The public defender was initially appointed to represent him, but withdrew in April 1996, citing "an irreconcilable conflict of interest in further representation."

A private attorney was appointed to represent defendant. Defendant pled guilty to first degree sexual assault on October 7, 1996, and was sentenced the same day to sixteen years in the Department of Correc-tions (DOC). Defendant remains incarcerated in DOC.

In February 1997, defendant wrote the trial court a letter in which he proclaimed his innocence and claimed his attorney did not call witnesses on his behalf. In September 1997, the trial court appointed the public defender's office to investigate defendant's "[m]otion for [p]ost [c]onviction [r]elief."

For almost five years, the public defender's office only took a few steps, like obtaining a transcript of the plea, to represent defendant. The public defender's office did not file any motions on defendant's behalf, nor were any hearings held on the motions defendant had filed.

During this period, defendant repeatedly wrote the trial court. He asked what was happening with his case and stated he had little contact with the public defender. In July 1998, defendant filed a pro se motion for postconviction relief, arguing his plea was invalid because he had not been advised that he would be required to serve a term of mandatory parole. In 2001, defendant filed a second pro se motion for postconviction relief under Crim. P. 35(c), seeking to withdraw his plea and alleging ineffective assistance of plea counsel, inadequate Crim. P. 11 advisement, newly discovered evidence, malicious prosecution, and a disproportionate sentence. Subsequently, the trial court set a hearing on defendant's motion and instructed the public defender to obtain defendant's presence for the hearing by means of a writ. The writ was not issued, and the hearing was not held.

On July 30, 2002, the public defender told the trial court the public defender's office could not represent defendant because of a conflict of interest, the substance of which is not described in the record. The court then appointed an attorney from the Office of Alternate Defense Counsel to represent defendant. This attorney died, and successor counsel was appointed.

Defendant's attorney filed a motion supplementing defendant's 2001 motion, asserting that defendant's motion should be accepted as timely because, among other reasons, the public defender rendered ineffective assistance by failing to file a mo-

tion attacking the validity of defendant's guilty plea. The supplemental motion contained a specific reference to *People v. Hickey,* 914 P.2d 377, 379 (Colo.App.1995), a case in which a division of this court concluded there is a limited statutory right to counsel in postconviction proceedings. Defendant argued these circumstances established justifiable excuse or excusable neglect for the late filing.

After conducting an evidentiary hearing on the issue, the trial court denied defendant's motion as untimely under § 16–5–402, C.R.S. 2006. Relying on the factors listed in *People v. Wiedemer,* 852 P.2d 424, 441–42 (Colo. 1993), the trial court analyzed defendant's conduct and concluded he had not established excusable neglect or justifiable excuse for the late filing of his motion for postconviction relief. The trial court analyzed the public defender's failure to act as follows:

> The conduct of assigned defense counsel in this case does raise some questions with the Court; but, nonetheless, the Defendant did present in 1998 and 2000[sic] motions for relief under Rule 35(c). So his reliance upon the alleged failure of defense counsel to act really is moot because he did act; and when he acted with regard to the 2001 issue, it was found that it was untimely.

Defendant now contends the trial court erred in denying his motion as untimely. Defendant does not dispute that his motion for postconviction relief was due on October 7, 1999, three years after the date of sentencing. *See* § 16–5–402(1), C.R.S.2006; *People v. Hampton,* 876 P.2d 1236, 1241 (Colo.1994). Defendant also concedes his 1998 motion, which only raised the issue of whether he was subject to mandatory parole, is now moot. He agrees his motion raising the claims he now wishes to litigate, including allegations of ineffective assistance of his plea counsel, was not filed until February 13, 2001.

Instead, defendant argues the court erred in determining that his circumstances did not constitute "justifiable excuse or excusable neglect" under § 16–5–402(2)(d), C.R.S.2006. We conclude further proceedings are necessary to determine whether this is the case.

## II. Right to Counsel in Postconviction Proceedings

A criminal defendant has a limited statutory right to the effective assistance of postconviction counsel, and, where the right exists, the supreme court has established that counsel must meet the two-pronged test of effectiveness as developed in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Thus, under certain circumstances, a defendant may be entitled to a hearing on the issue of whether ineffective assistance of postconviction counsel justifiably excuses the late filing of a Crim. P. 35(c) motion. *Silva v. People,* 156 P.3d 1164, 1169, 1170 (Colo.2007). The limited statutory right is not triggered unless the court and the public defender's office are satisfied there is arguable merit in an indigent defendant's Crim. P. 35(c) motion. *Silva v. People, supra,* 156 P.3d at 1168; *see* § 21–1–104(2), C.R.S.2006 (public defender is not required "to prosecute any appeal or other remedy unless the state public defender is satisfied first that there is arguable merit to the proceeding").

Here, the record indicates the trial court concluded defendant had raised issues of arguable merit about his guilty plea, in that the trial court appointed the public defender to represent defendant after receiving his February 1997 letter and did not rule on the merits of his claims. *See Duran v. Price,* 868 P.2d 375, 379 (Colo.1994) (trial courts are not required to appoint counsel for Crim. P. 35(c) motions "when the asserted claim is wholly unfounded"); *see also* Crim. P. 35(c)(3) (version applicable in 1996 read: "Unless the motion and the files and record of the case show to the satisfaction of the court that the prisoner is not entitled to relief, the court shall cause a copy of said motion to be served on the prosecuting attorney, grant a prompt hearing thereon, and take whatever evidence is necessary for the disposition of the motion."). However, the record does not indicate whether the public defender determined defendant's claims had arguable merit.

To prevail on a claim of ineffective assistance, a defendant has the burden to show that, "in light of all the circumstances,

the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland v. Washington, supra*, 466 U.S. at 690, 104 S.Ct. at 2066. An error of counsel does not justify setting aside a judgment unless the defendant can establish that he was prejudiced by the error. To prove prejudice, the defendant must show there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Davis v. People*, 871 P.2d 769, 772 (Colo.1994)(quoting *Strickland v. Washington, supra*, 466 U.S. at 694, 104 S.Ct. at 2068).

■ The trial court in this case did not have the benefit of the supreme court's decision in *Silva v. People, supra*, when it entered its order. However, as this case was pending on appeal when *Silva* was decided, *Silva* must be applied here. *See Lopez v. People*, 113 P.3d 713, 716 (Colo.2005).

■ Although the trial court expressed concern about the public defender's inaction, it focused on defendant's decision to file pro se motions for relief, concluding the filing of these motions made defendant's allegations about the public defender's inaction moot. The trial court did not analyze the public defender's inaction in light of the *Strickland* standards.

We conclude the trial court's analysis is inconsistent with *Silva*, because it does not apply the proper legal standard to the issue whether the public defender's inaction was prejudicially ineffective, thus denying defendant's limited statutory right to counsel in a postconviction proceeding. In this context, a finding of ineffective assistance would satisfy defendant's obligation to establish justifiable excuse or excusable neglect to avoid the time bar contained in § 16–5–402. *See Silva v. People, supra*, 156 P.3d at 1170.

### III. Conflict of Interest

■ The constitutional right to effective assistance of counsel includes the right to counsel free of conflicts of interest. A defendant's right to effective assistance of counsel is violated by "representation that is intrinsically improper due to a conflict of interest."

*Dunlap v. People*, 173 P.3d 1054, 1070 (Colo. 2007) (quoting *People v. Castro*, 657 P.2d 932, 943 (Colo.1983)).

■ An exception to the common *Strickland* formula occurs when a defendant establishes the lawyer labored under an actual conflict of interest that adversely affected the lawyer's performance. *See Cuyler v. Sullivan*, 446 U.S. 335, 348–50, 100 S.Ct. 1708, 1718–19, 64 L.Ed.2d 333 (1980); *People v. Castro, supra*, 657 P.2d at 943–44; *People v. Mata*, 56 P.3d 1169, 1172 (Colo.App.2002). An actual conflict of interest is "real and substantial." *People v. Harlan*, 54 P.3d 871, 878 (Colo.2002)(quoting *People v. Castro, supra*, 657 P.2d at 944).

■ Once a defendant has shown the existence of a conflict of interest, the defendant "must identify something that counsel chose to do or not do, as to which he had conflicting duties, and must show that the course taken was influenced by that conflict." *People v. Kenny*, 30 P.3d 734, 745 (Colo.App.2000)(quoting *Vance v. Lehman*, 64 F.3d 119, 124 (3d Cir.1995)). This showing is sufficient to establish prejudice, and the defendant does not have to also demonstrate that the result of the proceeding at issue would have been different if the conflict had not existed. *People v. Kenny, supra*, 30 P.3d at 745.

■ We conclude that, to give meaning to a defendant's limited statutory right to counsel in postconviction proceedings, allegations that postconviction counsel labored under an actual conflict of interest should be evaluated under the analysis set forth in *Cuyler v. Sullivan, supra; People v. Castro, supra;* and *People v. Kenny, supra.* As the supreme court observed in *Silva v. People, supra*, 156 P.3d at 1170:

> We hold that Silva's conflict of interest claim is a subset of his ineffective assistance of counsel claim.... Therefore, just as with the ineffective assistance of counsel claim discussed above, the trial court should make findings of fact and conclusions of law on whether Silva's conflict of interest claim was justifiably excused from the late filing of his second Crim. P. 35(c) motion.

■ Here, the public defender's office was appointed to represent defendant at the beginning of the case, but withdrew because of an "irreconcilable conflict of interest" before defendant entered his guilty plea. The public defender did not file any motions on defendant's behalf upon being reappointed after defendant's plea, and did not, until July 2002, move to withdraw, then citing an "ethical" conflict of interest.

The record before us does not indicate what the "ethical" conflict of interest was. There are a variety of possibilities. *See, e.g., People v. McGrath,* 833 P.2d 731, 733 (Colo. 1992)(an attorney who fails to withdraw from representing a client after becoming aware of an actual conflict of interest violates the disciplinary rules); *Riley v. Dist. Court,* 181 Colo. 90, 94, 507 P.2d 464, 466 (1973) (trial court must allow public defender to withdraw when defendant alleges ineffective assistance of counsel, because denying the motion would create an actual conflict of interest); *People v. Arko,* 159 P.3d 713, 718 (Colo.App.2006) (*cert. granted* Apr. 30, 2007) (when defendant establishes good cause, such as a conflict of interest, court must appoint new attorney); *see also* Colo. RPC 1.7 (Conflict of Interest: General Rule); Colo. RPC 1.9 (Conflict of Interest: Former Client).

It is clear from the available record the public defender did not file a motion for postconviction relief before the time period elapsed under § 16–5–402. Thus, there is some evidence counsel chose not to take action on defendant's behalf. However, there is nothing in the record to establish, under *People v. Kenny, supra,* 30 P.3d at 745, whether the public defender had a conflicting duty in regard to the filing of a postconviction motion, and whether the failure to file the motion was influenced by that conflicting duty. Therefore, further proceedings are necessary before the trial court to resolve this issue.

## IV. Other Allegations

■ Defendant also maintains the late filing was excused by the number of times he was transferred to different facilities following his conviction, and the fact that he spent eight or nine months in a Minnesota prison, which limited his access to Colorado legal materials.

Here, the trial court found that, although defendant was transferred to several different prisons and spent approximately eight months in Minnesota during the three years following his conviction and sentence, he was not prevented from accessing Colorado legal materials or from seeking timely relief. These findings are supported by the record.

■ With regard to defendant's assertion that he was young and did not know how to protect his legal rights, we note a defendant's ignorance of the law does not constitute justifiable excuse or excusable neglect for an untimely postconviction motion under Crim. P. 35(c). *See People v. Vigil,* 955 P.2d 589 (Colo.App.1997).

## V. Conclusion

We reverse the trial court's order finding defendant did not establish justifiable excuse or excusable neglect to allow him to file his Crim. P. 35(c) motion, raising issues about the validity of his guilty plea, beyond the three-year limit under § 16–5–402. We remand for a hearing, at which both defendant and the prosecution are entitled to present evidence.

The trial court must first determine, under *People v. Kenny, supra,* (1) whether the public defender had conflicting duties concerning the choice not to file any motions on defendant's behalf between September 1997 and October 1999; and (2) whether the failure to file such motions was influenced by those conflicting duties. If the trial court concludes the public defender's failure to file any motions was the product of an actual conflict of interest that adversely affected the public defender's performance on defendant's behalf, the trial court shall (1) find defendant has established justifiable excuse to avoid the time bar in § 165402, and (2) conduct another hearing to resolve the merits of defendant's 2001 motion for postconviction relief.

■ Normally, the *Silva* formulation would require the trial court to determine whether the statutory right to counsel existed before proceeding to determine whether it

had been violated. This determination would require findings that both the trial court and the public defender's office determined a defendant's postconviction claims had arguable merit. *Silva v. People, supra,* 156 P.3d at 1168.

However, under the rare circumstances present here, the public defender's statement concerning whether issues of arguable merit had been found to exist could arguably be tainted by the conflict of interest, theoretically leading the public defender to handle a defendant's case deficiently in order to protect the public defender's interests. Therefore, the public defender's statement about the merit of the issues would not, when evaluating this first issue, provide an appropriate basis for the trial court to apply the *Kenny* factors. In order to conduct the analysis necessary for this first step, the trial court shall presume defendant's limited statutory right to counsel existed.

Second, if the trial court concludes the public defender's failure to file any motions on defendant's behalf was not a product of an actual conflict of interest, the trial court shall next decide whether defendant's limited statutory right to counsel in a postconviction case had been triggered because, even though the public defender did not take any affirmative action on defendant's behalf, the public defender concluded there were postconviction issues of arguable merit that defendant could raise. If so, the trial court must then determine whether the public defender's inaction violated defendant's limited statutory right to counsel under the two-part test set forth in *Strickland v. Washington, supra.* If the trial court determines the statutory right to counsel existed and was violated, then the trial court shall (1) find defendant has established justifiable excuse under § 16–5–402, and (2) hold a hearing to resolve the merits of defendant's 2001 motion for postconviction relief.

Last, if the trial court concludes defendant's statutory right to counsel in postconviction proceedings did not exist or, if it did, it was not violated under the *Strickland* standard, the trial court shall reinstate its original order finding defendant did not establish justifiable excuse or excusable neglect to avoid the application of the time bar contained in § 16–5–402 to his 2001 Crim. P. 35(c) motion.

The order is reversed, and the case is remanded to the trial court for additional proceedings consistent with the direction contained in this opinion.

Judge ROY and Judge FURMAN concur.