25CA0053 Peo v Ciarcia 03-12-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0053
El Paso County District Court No. 04CR5098
Honorable William B. Bain, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jerry Gerard Ciarcia,

Defendant-Appellant.

ORDER AFFIRMED

Division VI
Opinion by JUDGE YUN
Grove and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 12, 2026

Philip J. Weiser, Attorney General, Lisa K. Michaels, Senior Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Jerry Gerard Ciarcia, Pro Se

¶ 1     Defendant, Jerry Gerard Ciarcia, appeals the postconviction court's order denying his Crim. P. 35(c) motion without a hearing. We affirm.

## I.     Background

¶ 2     A jury convicted Ciarcia of third degree assault, false imprisonment, menacing, and four counts of sexual assault. The charges were based on evidence that Ciarcia bound and repeatedly raped his ex-girlfriend over a period of several hours. The district court imposed four consecutive indeterminate prison sentences of twenty years to life on the sexual assault convictions.

¶ 3     On direct appeal, a division of this court affirmed the judgment of conviction and sentence. *People v. Ciarcia*, (Colo. App. No. 07CA1077, Nov. 18, 2010) (not published pursuant to C.A.R. 35(f)) (*Ciarcia I*). The appellate mandate was issued in May 2011.

¶ 4     Thereafter, Ciarcia filed a series of unsuccessful postconviction motions and appeals. *See People v. Ciarcia*, (Colo. App. No. 14CA1438, Mar. 24, 2016) (not published pursuant to C.A.R. 35(f)) (*Ciarcia II*); *People v. Ciarcia*, (Colo. App. No. 17CA0060, Aug. 2, 2018) (not published pursuant to C.A.R. 35(e)) (*Ciarcia III*).

1

¶ 5      In 2019, Ciarcia filed a Crim. P. 35(a) motion claiming, as relevant here, that his sexual assault sentences were not authorized by law.  The postconviction court denied the motion.  However, a division of this court disagreed, concluding that the district court was not authorized to impose crime of violence sentences on Ciarcia's sexual assault convictions.  *See People v. Ciarcia*, (Colo. App. No. 19CA0865, Apr. 22, 2021) (not published pursuant to C.A.R. 35(e)) (*Ciarcia IV*).  As a result, the division vacated the sexual assault sentences and remanded the case to the district court for resentencing on those counts.

¶ 6      At the resentencing hearing, the district court imposed a prison term of ten years to life on each count of sexual assault, to be served consecutively.  Ciarcia did not appeal.

¶ 7      In 2024, represented by counsel, Ciarcia filed a Crim. P. 35(c) motion, which is at issue here.  He claimed ineffective assistance of resentencing counsel for failing to (1) argue that his sexual assault convictions constituted a single continuing course of conduct under section 18-1-408(1)(e), C.R.S. 2025, and thus should have resulted in only one conviction; and (2) advise him of his right to appeal the district court's resentencing order and file a notice of appeal.

2

¶ 8     The postconviction court denied Ciarcia's motion. In a written order, the court concluded that counsel was not ineffective because Ciarcia's section 18-1-408(1)(e) claim was both "time- and procedurally-barred" and otherwise lacked merit because there was "no basis to argue that there was only one course of conduct in this case." The court also rejected Ciarcia's claim that counsel was ineffective for failing to preserve his right to appeal because "this argument would have failed on appeal as well for the same reason."

## II.     Discussion

¶ 9     Ciarcia contends that the district court erred by denying his Crim. P. 35(c) motion without a hearing for two reasons: (1) his statutory challenge to his conviction under section 18-1-408(1)(e) was not untimely or successive and was otherwise meritorious; and (2) counsel was ineffective for failing to advise him about his right to appeal and for failing to file a notice of appeal. We are not persuaded.

## A.     Preservation

¶ 10    As an initial matter, we reject the People's contention that Ciarcia has abandoned his ineffective assistance of counsel claim for failing to challenge the validity of his conviction under section

18-1-408(1)(e) at the resentencing hearing. While not articulated in precisely the same way, Ciarcia's pro se arguments on appeal are substantively the same as those he asserted through counsel below. We therefore conclude that the issue is sufficiently raised on appeal. *People v. Cali*, 2020 CO 20, ¶ 34 ("Pleadings by pro se litigants must be broadly construed to ensure that they are not denied review of important issues because of their inability to articulate their argument like a lawyer." (citation omitted)).

¶ 11　However, we agree with the People that the merits of Ciarcia's section 18-1-408(1)(e) claim itself — as distinct from the ineffective assistance claim — were never presented to the postconviction court. Accordingly, we decline to address this claim for the first time on appeal. *See Cali*, ¶ 34 ("[W]e will not consider issues not raised before the district court in a motion for postconviction relief.").

### B. Applicable Law and Standard of Review

¶ 12　A defendant seeking postconviction relief under Crim. P. 35(c) is entitled to a hearing "if [the defendant] asserts specific facts that, if true, would provide a basis for relief." *People v. Luong*, 2016 COA 13M, ¶ 8. Conversely, the court may deny a Crim. P. 35(c) motion

without a hearing when "the motion and the files and record of the case show to the satisfaction of the court that the defendant is not entitled to relief." Crim. P. 35(c)(3)(IV). This standard is satisfied when (1) the allegations are bare and conclusory; (2) the allegations, even if true, do not warrant relief; or (3) the record directly refutes the defendant's claims. *People v. Duran*, 2025 COA 34, ¶ 15. While a defendant need not present evidentiary support with the motion, he must assert facts that, if true, would provide a basis for relief. *White v. Denv. Dist. Ct.*, 766 P.2d 632, 635 (Colo. 1988).

¶ 13    To prevail on a claim of ineffective assistance of counsel, a defendant must show both that (1) counsel's performance was deficient, meaning it fell below an objective standard of reasonableness; and (2) this deficient performance prejudiced the defendant, meaning that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Dunlap v. People*, 173 P.3d 1054, 1062-63 (Colo. 2007). A postconviction court may reject an ineffective assistance of counsel claim if the defendant fails to establish either prong. *See People v. Aguilar*, 2012 COA 181, ¶ 9.

¶ 14     We review de novo a postconviction court's denial of a Crim. P. 35(c) claim without a hearing.  *Cali*, ¶ 14.

## C.     Failure to Raise Section 18-1-408(1)(e) Claim at Resentencing Hearing

¶ 15     We begin with Ciarcia's claim that counsel was ineffective for failing to argue at his resentencing hearing that his four sexual assault convictions arose from conduct that took place "on the same evening in the same apartment over a course of approximately five hours."  Ciarcia maintains that this constitutes one continuing course of conduct under section 18-1-408(1)(e), requiring "only one conviction" and a much "shorter sentence."  We reject his challenge for two reasons.

¶ 16     First, the division's remand order in the 2019 Crim. P. 35(a) appeal instructed the district court to address only one issue — resentencing on the four sexual assault counts.  Given this instruction, we are not convinced that counsel's failure to raise arguments concerning the validity of his convictions under section 18-1-408(1)(e) fell below an objective standard of reasonableness. *See People v. Notyce*, 2014 COA 52, ¶ 2 (Because "[the] defendant's challenges to his jury trial are outside the limited scope of the

6

remand, . . . we will not address them."); *People v. Grassi*, 364 P.3d 1144, 1149 (Colo. App. 2011) (declining to address an argument because "th[e] issue was outside the limited scope of the remand"), *aff'd*, 2014 CO 12; *see also People in Interest of M.D.*, 2014 COA 121, ¶ 18 ("When an appellate court remands a case with specific directions to enter a particular judgment or to pursue a prescribed course, a trial court has no discretion except to comply with the instructions.").

¶ 17    Second, as the postconviction court noted, if counsel had raised this claim at the resentencing hearing, the district court would have been required to deny it as both untimely and procedurally barred. Although Ciarcia's claim that his four sexual assault convictions were one continuing course of conduct under section 18-1-408(1)(e) is cognizable under Crim. P. 35(c), it is subject to that rule's procedural limitations. *See* Crim. P. 35(c)(2)(I) (claims "[t]hat the conviction was obtained . . . in violation of the . . . laws of this state" are cognizable under Crim. P. 35(c)). Because his statutory challenge would have been untimely under that rule and could have been raised on direct appeal (*Ciarcia I*) or in his previous Crim. P. 35(c) motion (*Ciarcia II*), it would have been both time

barred and procedurally barred. *See* § 16-5-402(1), C.R.S. 2025 (setting forth a three-year time limitation for collateral attacks on non-class 1 felonies); Crim. P. 35(c)(3)(VII) (a court shall deny any claim that could have been raised in a prior appeal). Therefore, counsel could not have provided ineffective assistance by failing to raise this claim at the resentencing hearing. *See Sperry v. McKune*, 445 F.3d 1268, 1275 (10th Cir. 2006) (explaining that counsel's failure to raise a meritless issue is not ineffective assistance); *see also Hagos v. People*, 2012 CO 63, ¶ 25 (Colo. App. 2009) (when an ineffective assistance claim was premised on counsel's alleged failure to attack the search of the defendant's apartment, and that search was found to be constitutionally permissible in a companion case, the claim failed because it could not meet the deficient performance prong of the *Strickland* test).

¶ 18　We are not persuaded by Ciarcia's argument on appeal that his claim would not have been successive if counsel had raised it at resentencing because it had "not been fully and finally litigated." He relies on *People v. Hubbard*, 519 P.2d 945, 948 (Colo. 1974), but the 2004 amendments to Crim. P. 35, which superseded *Hubbard*, bar any claims that *could have been* presented in a previous

postconviction proceeding regardless of whether they were actually presented. *See People v. Taylor*, 2018 COA 175, ¶ 13 (concluding that Crim. P. 35(c)(3)(VII) has superseded *Hubbard*). Because Ciarcia could have raised this claim on his direct appeal (*Ciarcia I*) or in his first Crim. P. 35(c) motion (*Ciarcia II*), it is barred under Crim. P. 35(c)(3)(VII).

¶ 19 We likewise reject Ciarcia's assertion that his claim would have been timely if raised by counsel at resentencing because he "first discovered" the claim in 2019, while working on his second Crim. P. 35(a) appeal. He further argues that the correction of his illegal sentence in *Ciarcia IV* allowed him "to subsequently pursue a collateral attack related to the illegality in the original sentence." *See Hunsaker v. People*, 2021 CO 83, ¶ 26. However, "recent discovery of a legal basis for a collateral attack on a conviction does not constitute excusable neglect where the defendant has not otherwise demonstrated some unavoidable hindrance that would cause a reasonably prudent person to neglect to pursue timely collateral relief." *People v. Slusher*, 43 P.3d 647, 651 (Colo. App. 2001); *see also People v. Chang*, 179 P.3d 240, 245 (Colo. App. 2007) (ignorance of the law does not constitute justifiable excuse or

excusable neglect).  And Ciarcia's section 18-1-408(1)(e) claim does not relate to the illegality of his original sentence — which concerned only the court's unlawful imposition of crime of violence sentences on Ciarcia's sexual assault convictions and not the validity of those convictions under section 18-1-408(1)(e).

¶ 20    Accordingly, for all these reasons, we conclude that the postconviction court properly denied this claim without a hearing.

### D.    Failure to Perfect Appeal Following Resentencing

¶ 21    Next, we address Ciarcia's claim that counsel was ineffective for failing to advise him of his right to appeal the district court's resentencing order and for failing to file a notice of appeal.  Because Ciarcia has failed to allege deficient performance with sufficient specificity, his claim fails.

¶ 22    Counsel's failure to file a notice of appeal is not necessarily deficient so long as counsel has not disregarded specific instructions from a defendant.  *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).  When counsel receives no instructions from the defendant on whether to file or forego an appeal, the question is whether counsel has a constitutional duty to consult with the defendant about his appellate rights.  *Id.*  That duty arises only

10

when counsel has a reason to believe that (1) a rational defendant would want to appeal (because, for example, there are nonfrivolous grounds for appeal); or (2) the particular defendant is interested in appealing. *Id.* at 480.

¶ 23 Thus, it is not enough for Ciarcia to allege only that his lawyer did not advise him of his right to appeal the district court's resentencing order or file a notice of appeal. That omission alone, even if true, would not amount to deficient performance. To state a viable claim, Ciarcia needed to allege that he specifically instructed his lawyer to file a notice of appeal (which he did not allege). Alternatively, he needed to allege that his lawyer had a duty to consult with him about his appellate rights — either because (1) there were nonfrivolous grounds for appeal (which, as discussed above, do not exist here); or (2) he indicated some interest in appealing (which he did not allege). Because Ciarcia did not make such allegations, this claim fails as well.

¶ 24 Accordingly, we conclude, albeit on slightly different grounds, that the postconviction court properly denied Ciarcia's Crim. P. 35(c) motion without a hearing. *See People v. Hamm*, 2019 COA 90, ¶ 23 ("[W]e will affirm a district court's denial of a Rule 35 motion

11

on any ground supported by the record, even if the district court did not consider or contemplate that ground.").

## III.   Disposition

¶ 25     The order is affirmed.

JUDGE GROVE and JUDGE SCHOCK concur.