JOE WINGATE and ERNEST MACH v. OTTO MACH, *et al.,* as Executors, and Individually.

157 So. 421.

Opinion Filed October 30, 1934.

*Johnston & Rogers* and *George P. Garrett,* for Appellants.

*Hugh Akerman* and *Allison E. Palmer,* for Appellees.

PER CURIAM.—Emil Mach died testate at Kissimmee, Florida, May 7th, 1933. Among other properties he left a going business consisting of a lumber and crate mill which was the major portion of his estate. The decedent was a bachelor without dependents. By his will he bequeathed all his estate to his brothers, Otto and Ernest Mach, and Mary Selina Mosgrove, his housekeeper. He designated Otto Mach and Mary Selina Mosgrove as his executors and

authorized them to operate the lumber and crate mill so long as they deemed it practical.

In December, 1933, appellants, claiming to be creditors of Emil Mach, brought a suit in equity against the executors of his estate, alleging themselves to be creditors of said estate and alleging the executors are insolvent and not competent to conduct the Mach lumber and crate business. The bill of complaint prays for accounting, receivership, a declaration of the rights of the parties and for other appropriate relief. The bill was subsequently amended and a concourse of pleadings was in due course filed which are unnecessary to detail in this opinion. Appeal was ultimately taken from four interlocutory orders, viz.: (1) Denying receiver Dec. 21, 1933, (2) Application to file amended bill of complaint Jan. 4, 1934, (3) Suggesting disqualification of the trial judge Dec. 12, 1933, and (4) Application for appointment of administrator *pendente lite* and for injunction.

In December, 1933, the trial judge on petition of the executors of the Emil Mach estate, under and pursuant to Sections 3741 to 3745, R. G. S. of 1920, Sections 5614 to 5618, C. G. L. of 1927, entered an order authorizing the said executors to continue the lumber and crate business of the said estate. Apellants Joe Wingate and Ernest Mach petitioned to, intervene *pro interesse suo* in this cause and then to vacate the order authorizing the continuance of the business; both petitions were denied, a second concourse of pleadings followed, resulting in writ of error to this Court directed to (1) The petition of December 22, 1933, authorizing the continuance by the executors of the lumber and crate business, (2) Order on petition to intervene *pro interesse suo* of January 4, 1934, (3) Order on suggestion of disqualification of the trial judge, and (4) Order on appli-

cation of appellants to discontinue the lumber and crate business.

The foregoing contains what we deem to be the material facts with reference to the pleadings in the chancery and the statutory causes herein. To set them out in detail would be labored and would serve no useful purpose. Both causes were consolidated and briefed together in this Court and will be accordingly treated in this opinion.

The appellants in the chancery cause who are also plaintiffs in error in the statutory action argue seven alleged errors committed by the trial court, viz.: (1) The trial court erred in his order continuing the lumber and crate business of the deceased during the pendency of the equity cause in this Court, (2) Were the creditors of the Emil Mach estate entitled to notice of the application for the order to continue the lumber and crate business, (3) If the trial court had power to enter the order of continuance did he have the right to do so against the wishes of the creditors and the heirs of the estate, (4) It was error in the trial court to refuse to discontinue the operation of the lumber and crate business of the estate under the showing made by the creditors and heirs, (5) It was error in the trial court to refuse to consolidate the chancery and the statutory causes on the motion of the creditors, (6) That the trial court erred in not holding himself disqualified under the facts as related in these causes, and (7) If the trial court was in fact disqualified when that matter was called to his attention all orders made by him in said causes thereafter were erroneous.

As to the matter of the disqualification of the trial judge appellants contend that when the order was made in the statutory proceeding authorizing the executors to continue the lumber and crate business they filed their suggestion of disqualification in both the statutory and the chancery

causes under Chapter 16055, Acts of 1933. Both suggestions of disqualification were grounded on the fact that it was necessary for appellants to call the trial judge as a material witness to testify whether or not at the time the original petition was filed in the statutory cause he stated to counsel for the executors that "it was unnecessary to give notice" to the interveners in the proceeding to continue the business, and also to establish the fact that when the court entered the order to continue the business under the statute "the court had full knowledge of the claims of interveners and their right to be heard" in said proceedings.

The suggestion of disqualification of the trial judge as entered does not embody any of the grounds embraced in Chapter 16055, Acts of 1933. Even if he was called as a "material witness" to testify whether or not he stated to counsel for the appellants that "it was unnecessary to give notice" to them of the petition in the statutory proceeding to continue the lumber and crate business such fact would not make a "material witness" for or against either party to the cause as contemplated by Chapter 16055. A "material witness," as comprehended by said statute, has reference to a witness who gives testimony going to some fact affecting the merits of the cause and about which no other witness might testify. Such a witness as might, though not necessarily, make him a partisan. The mere fact that the trial judge stated to counsel for appellants that it was not necessary to give them notice of a pending application under Sections 3741 to 3745, R. G. S. of 1920, does not make him such a witness.

This view is strengthened by the fact that there is nothing in Sections 3741 to 3745, R. G. S. of 1920, to indicate that such a notice was contemplated. If this be true, the trial judge merely gave expression to a correct interpretation of the law and he should not be held in error for that. Sec-

tions 3741 to 3745, R. G. S. of 1920, provides for the continuance of the business of a deceased person under the direction of the circuit judge. The curator or executor is required to make monthly reports to the judge, give good bond and ample provision is made otherwise for the protection of creditors and others interested. The record in the instant case discloses that these prerequisites are being complied with and that the executors have very successfully handled the business of the testate. We see no reason for disturbing the ruling of the chancellor on this point.

Likewise we fail to find any basis for disturbing the ruling of the chancellor on the motion to consolidate the statutory and the equity causes. The proceedings are different, the parties to them are different, the subject matter in each case is different and different relief is sought in each case. Consolidation would result in confusion and on account of the issues drawn relief can be had only by separate actions. There is a well settled rule in some jurisdictions that consolidation may be effected without the consent of the plaintiffs, but never without the consent of the defendant. 58 Am. Dec. 558. We do not announce this as the rule in this jurisdiction.

There was no reason whatever why the circuit judge should not have made an order continuing the business of the testator after the appeal in the chancery cause was lodged in this Court. No supersedeas in the latter cause was posted and from the standpoint of the trial judge there was no inconsistency in the two orders.

It follows that the judgment below must be and is hereby affirmed.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.