No. 22397.

WILLIAM JAMES BRESNAHAN, JR., AND EDWARD L. WOOD,
AS COURT APPOINTED GUARDIAN AD LITEM OF WILLIAM
JAMES BRESNAHAN, JR. *v.* WILLIAM H. LUBY, DISTRICT
JUDGE OF THE FIFTH JUDICIAL DISTRICT, STATE OF COLORADO.

(418 P.2d 171)

Decided September 6, 1966.　　Opinion modified and as modified
petition for rehearing denied October 3, 1966.

EDWARD L. WOOD, JOHN L. KANE, JR., for petitioners.

ZARLENGO, ZARLENGO, SEAVY & MULLIGAN, for respond-
ent.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

THIS is an original proceeding in which petitioners above named secured a rule, directed to the respondent, to show cause why he should not be disqualified to hear and determine the questions raised by one William James Bresnahan, Jr., in motions filed by him under Rule 35 (b), Colo. R. Crim. P.

Bresnahan, who was sixteen years of age, entered a plea of guilty to murder of the first degree in two separate informations filed in the court over which respondent presided. The two crimes to which the pleas were entered involved the killing of his father and mother. On January 27, 1965, he was sentenced to life imprisonment in each case.

On April 12, 1966, motions were filed under Rule 35 (b), Colo. R. Crim. P. asking that the court vacate and set aside the judgments, and that Bresnahan be granted a new trial. Numerous reasons were assigned as grounds for the motions which also contained a request that the respondent be disqualified to hear and decide the issues presented. The respondent declined to disqualify himself, and these original proceedings were thereupon commenced.

The reason chiefly relied upon as a basis for disqualification of the respondent is stated as follows:

"That the Honorable William H. Luby is not competent to hear or try the matters referred to in this motion because he will be called as a witness by the defendant and testimony will be elicited from said witness concerning conversations, statements, agreements, and decisions regarding defendant but made outside the presence of defendant." (Petition Exh. 3, para. 2)

Rule 21 (a) (2), Colo. R. Crim. P. provides as follows:

"WHEN JUDGE DEEMED INCOMPETENT. A judge

of a court of record shall be incompetent to hear or try a case if:

"(i) he is related to the defendant or to any attorney of record or attorney otherwise engaged in the case;

"(ii) the offense charged is alleged to have been committed against the person or property of the judge or of some person related to him; or

"(iii) he has been of counsel in the case or is in any way interested or prejudiced. * * *"

There is no contention made here that respondent is disqualified for any reason of relationship or prejudice. As a matter of fact the guardian ad litem (who appeared on behalf of Bresnahan) stated during the course of the May 5, 1966 hearing "that no one at any time questioned the Court's integrity about any part of this case. No one has. I certainly do not. * * *" He also stated at page 12 of that transcript that "no one claims your Honor was prejudiced. I do not." Furthermore, at page 26 of the transcript, present counsel for Bresnahan and the guardian ad litem, stated:

"Now, those facts must be proven and certainly they are competent to show a denial of due process because of the concerted use of undue influence by the former defense counsel and the maternal grand-parents. These are not allegations against the Court and I think it is somewhat impertinent to suggest there is any allegation that the Court engaged in any sort of undue influence."

A hearing was held on May 5, 1966, upon the request for disqualification of the respondent and at that time the guardian ad litem of Bresnahan filed an affidavit in furtherance of this request. It was stated in the affidavit that on October 8, 1964, and November 24, 1964, there were conferences between the respondent judge, and the district attorney, and counsel for Bresnahan, and that "affiant has no knowledge of the subjects discussed in said conferences but affiant believes that said discussions may very well have centered upon the defendant's pleas." It is apparent that the purpose of calling

458

the respondent as a witness was to make inquiry concerning these conversations notwithstanding that the district attorney and the attorney whose appearance was entered on behalf of Bresnahan were present and their testimony is available.

██ Where the evidence concerning the transactions in issue may be obtained from witnesses other than the trial judge, then the trial judge is not such a material witness as to require a disqualification. *Wingate v. Mach,* 117 Fla. 104, 157 So. 421.

There is argument as to whether certain reports which are in the possession of the respondents and which are being treated as confidential by him should be opened to examination by counsel for Bresnahan and their contents made a part of the record for consideration in connection with pertinent issues raised by the motion to vacate the judgment. Insofar as these documents are concerned, there is no necessity for testimony by the trial judge, for it can certainly be stipulated which of those was before him when he accepted the change of plea or at any other times pertinent to the proceedings here, and thereupon they can be made a part of the record so that all facts bearing upon the issues raised under the motion to vacate the judgment may be part of the record in this case.

██ Rule 35 (b), Colo. R. Crim. P. contemplates a hearing wherever possible before the trial judge who presided over the case. Disqualification because he is familiar with what occurred at the trial would render the rule anomalous. Familiarity with the circumstances surrounding the trial does not render the judge a material witness. *United States v. Smith,* 337 F.2d 49 (4th Cir. 1964), Cert. denied, 381 U.S. 916, 85 S. Ct. 1542, 14 L.Ed.2d 436.

The request for disqualification is properly denied and the rule is accordingly discharged.

MR. JUSTICE FRANTZ not participating.