## STATE v. SLORA
### No. 81-1618-CF
Circuit Court, Palm Beach County, Criminal Division
July 29, 1981

Sandra M. Kabboush, Barry Krischer, Paul O. Moyle, III, Assistant State Attorneys, for the plaintiff.

Richard G. Lubin, Steven W. Gomberg, Lubin, Hamill & Gomberg, for the defendant.

JOHN D. WESSEL, Circuit Judge

The State of Florida has filed a suggestion (Motion)[1] of disqualification of the trial Court on the ground that the Honorable John D. Wessel may be a "material" witness in this cause. A review of the allegations of the Affidavit filed indicate:

1) The Defendant, ROGER C. SLORA, made various written communications directly to the Court:

   a) A letter dated June 2, 1981, filed in the Court file, copies of which were furnished counsel,

   b) A letter dated June 8, 1981,

   c) July 2, 1981, a letter to the Court intercepted by Sgt. Hennessey and Detective Wehrhan, Palm Beach County Sheriff's Office, and delivered to Sandra Kabboush, Assistant State Attorney, who copied the letter, without the Court's permission,[2] and then informed the Court of its contents and existence.

2) State Attorney listed the undersigned as a witness allegedly as "being a crucial link in the chain-of-custody of these three letters."

3) All of those communications arose in an official judicial proceeding and all acts alleged in the Affidavit arose in non-personal judicial proceedings.

[1]omitted from Affidavit

[2]misnamed by State

The issue for the Court to determine is whether a trial judge must disqualify himself when, in the course of judicial proceedings, he receives communications from a defendant regarding those proceedings. The answer must be *no*.

Rule 3.230(a) Fla.R.Cr.P. does address directly the issue of a judicial officer being a material witness. In *State ex rel. Ferrera v. Sandler,* 12 So. 2d 298 (1943), Justice Terrell stated:

> "The bald statement that a judge is disqualified because he is a material witness in the cause is not sufficient. It must be stated in what the disqualification consists and when stated it becomes the duty of the trial judge to pass on its sufficiency. Measured by this test, there was no theory whatever for the judge holding himself disqualified in the case."
>
> Page 299.

Sandler was a case where the Judge had received a letter from a party and discarded it. In *State v. Himes,* 36 So.2d 433, the Court held that an incident created by a lawyer in a judicial proceeding cannot give rise to a disqualification. We are guided by an excellent review of the sufficiency test as outlined by Judge Hurley in *Hayslip v. Douglas,* 6 Fla. L. Weekly 1562 (4 DCA 7/1/81), which we follow.

This presents a unique question to the Court. A totally disinterested judge become subject to disqualification through the act of a defendant in voluntarily writing a letter to the Court. Supposing this Court disqualifies himself from the case; would the case be subject to another disqualification suggestion by the new judge if the defendant wrote him? No judge could control his Court or calendar if this was followed to the logical conclusion. This is absurd. In the first place, the matter to be testified to as alleged in the petition and affidavit can, at trial, be proven just as easily by asking the Court to judicial notice of his action,[3] or by other evidence including written interrogatories. There is no automatic rule prohibiting a judge from testifying in a case before him, although it certainly is unusual.

All of the acts in the Affidavit were done in the judicial capacity of the trial judge. No prejudice is averred.

Material witness in Rule 3.230 Fla.R.Cr.P. was adopted from 38.02 F.S. (1979). It was interpreted:

> A "material witness' as comprehended by said statute has reference to a witness who gives testimony going to some fact affecting the merits of the cause and about which *no other*

---

[3]See 90.201-203 F.S. (1979)

witness might testify. Wingate v. Mach, 117 Fla. 104, 157 So. 421 (1934) (Emphasis supplied)

Also, *Wilisch v. Wilisch,* 335 So.2d 861 (3 DCA 1976), held that a trial judge does not become a material witness in a cause merely because he had knowledge of what occurred before him in a prior hearing.

Taking all of the State Affidavit as true, this Court cannot conclude that it would be a material witness as used in Rule 3.230 Fla.R.Cr.P., or 38.02 F.S. (1979).

The temptation for a trial judge to jump at any opportunity to disqualify oneself from any highly controversial cause is great, indeed. However, we would not be performing our constitutional mandated duty to disqualify ourselves willy-nilly for any reason not valid in law or fact. We must forever be vigilant of those superficial pleas seeking disqualification as a part of the bag of trial tactics.

Perhaps Justice England said it best in *Department of Revenue v. Goldner,* 322 So.2d 1 (1975):

> "In assessing the reasonableness of a challenge to his impartiality, each judge must be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequences of his expected adverse decision. Disqualification for lack of impartiality must have a reasonable basis . . . Litigants ought not to have to face a judge where there is a reasonable question of impartiality, but they are not entitled to a judge of their own choice."

It is ORDERED AND ADJUDGED:

1) The (Motion) Suggestion of Disqualification is discharged.