IN RE DISQUALIFICATION OF STUARD.

THE STATE OF OHIO v. JACKSON.

[Cite as *In re Disqualification of Stuard,*
113 Ohio St.3d 1236, 2006-Ohio-7233.]

(No. 06–AP–102—Decided November 29, 2006.)

MOYER, C.J.

{¶ 1} Attorney Randall L. Porter—counsel for the defendant—has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking the disqualification of Judge John M. Stuard from acting on any further proceedings in case No. 2001–CR–794 in the Court of Common Pleas of Trumbull County.

{¶ 2} Porter explains that the defendant was convicted of aggravated murder and was sentenced to death in Judge Stuard's courtroom. In a related case involving a defendant named Donna Roberts—who was likewise convicted and sentenced to death by Judge Stuard for her role in the same crime—this court recently vacated the death sentence, holding that Judge Stuard erred when he "directly involved the prosecutor in preparing the sentencing opinion and did so on an ex parte basis." *State v. Roberts,* 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, ¶ 159.

{¶ 3} Citing Judge Stuard's statement at a hearing in *Roberts* that he has similarly relied on the prosecuting attorney to prepare paperwork for him in other criminal cases, defendant Jackson has asked the trial court for a new sentencing hearing akin to the one that we have ordered for Donna Roberts. According to affiant Porter, Judge Stuard will be a material witness if an evidentiary hearing is held on the motion, and Porter asks that the judge be

disqualified to avoid any appearance of impropriety that might be created by the judge's decision about his own allegedly improper reliance on the prosecuting attorney and his ex parte contacts with the prosecuting attorney's office in connection with the preparation of the sentencing opinion in Jackson's case.

{¶ 4} Judge Stuard has responded in writing to the affidavit. He acknowledges that he held the same kind of communications with the prosecuting attorney's office in both the Roberts and Jackson capital cases before sentencing each of them to death, and he denies that any hearing is needed in his courtroom in the Jackson case to establish that fact. The judge states that he is prepared to reconsider the evidence and impose a new sentence in this case just as he has been ordered to do in the related Roberts case. He contends that his ex parte communications with the prosecuting attorney's office were administrative rather than substantive, and he states that the prosecuting attorney's office simply typed up his notes after he had independently weighed the evidence and reached a decision about the proper sentences for the two defendants.

{¶ 5} I find no basis for ordering the disqualification of Judge Stuard. The judge is entitled to consider the defendant's motion for relief from judgment now pending in the trial court, and if the judge concludes that relief is appropriate, he may grant that motion and conduct the new sentencing hearing that he has described in his response to the affidavit filed here. The judge acknowledges the factual allegations in the defendant's affidavit, so the matter of a new sentencing hearing akin to the hearing ordered by this court in the Roberts case appears not to require the resolution of any factual disputes between the parties but rather turns on the legal question whether a new sentencing hearing is warranted for this defendant.

{¶ 6} I have declined to establish a rule "requiring disqualification of a judge based solely on suppositions that the judge may be called as a witness or allegations that the judge possesses evidence material to the case." *In re Disqualification of Gorman* (1993), 74 Ohio St.3d 1251, 657 N.E.2d 1354. To be sure, under Canon 3(E)(1)(d)(v) of the Ohio Code of Judicial Conduct, a judge who knows that he or she is "likely to be a material witness in the proceeding" must step aside, but "[w]here the evidence concerning the transactions in issue may be obtained from witnesses other than the trial judge, then the trial judge is not such a material witness as to require a disqualification." *Bresnahan v. Luby* (1966), 160 Colo. 455, 458, 418 P.2d 171. Mere "[f]amiliarity with the circumstances surrounding the trial does not render the judge a material witness." Id. See, also, *Wingate v. Mach* (1934), 117 Fla. 104, 108, 157 So. 421 (a material witness is one who is able to give testimony about a fact "about which no other witness might testify"); *Coleman v. State* (1981), 194 Mont. 428, 435, 633 P.2d 624 ("the post-conviction court judge should only recuse himself if the petitioner

shows that the judge is the source of material evidence otherwise unobtainable"); *Robison v. State* (Okla.Crim.App.1991), 818 P.2d 1250, 1252 (trial judge was not required to disqualify himself from a post-conviction hearing where his testimony would have been "either cumulative * * * or immaterial").

{¶ 7} If Judge Stuard concludes that he is likely to be a material witness in the proceeding, he can and should disqualify himself, as Canon 3(E)(1)(d)(v) directs. On the record before me, however, I cannot conclude that the judge possesses knowledge that he is likely to be such a witness, and the information in the affidavit itself would not lead an objective, reasonable observer to harbor serious doubts about Judge Stuard's ability to decide the case impartially.

{¶ 8} Although the judge does not expressly state that he can consider the case fairly and impartially, I conclude that the record before me does not compel his disqualification for any alleged bias or prejudice. To be sure, if a judge's words or actions convey the impression that the judge has developed a "hostile feeling or spirit of ill will," *State ex rel. Pratt v. Weygandt* (1956), 164 Ohio St. 463, 469, 58 O.O. 315, 132 N.E.2d 191, or if the judge has reached a "fixed anticipatory judgment" that will prevent the judge from hearing the case with "an open state of mind * * * governed by the law and the facts," id., then the judge should not remain on the case. There is no evidence in the record before me, however, to suggest that the judge has shown any hostility or bias toward either party, and there is no indication that he is unable or unwilling to resolve any remaining disputed matters with an open state of mind.

{¶ 9} As I have said, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 10} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Stuard.