In re Disqualification of Warren.

Jennison *v.* Kinstle; S. Cohn & Son, Inc. *v.* Kinstle et al.; Kinstle et al. *v.* Jennison et al.; Eddy, Treas., *v.* Matthews et al.

[Cite as *In re Disqualification of Warren,* 113 Ohio St.3d 1239, 2007-Ohio-1388.]

(No. 06–AP–127—Decided January 4, 2007.)

Moyer, C.J.

{¶ 1} Nicholas J. Kinstle has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking the disqualification of Judge Richard K. Warren from acting on any further proceedings in case Nos. CV–2005–430, CV–2005–435, CV–2005–543, and CV–2005–682 in the Court of Common Pleas of Allen County. (Kinstle also seeks the judge's disqualification in case Nos. CR–2005–154, CV–2005–938, and CV–2005–978, but those cases are closed, and my statutory authority to order disqualification of judges extends only to those situations in which "a proceeding [is] pending before the court." R.C. 2701.03(A)).

{¶ 2} Kinstle contends that the judge is a shareholder in a bank that allegedly has an interest in the outcome of the cases listed in the caption above, and Kinstle argues that the judge therefore should be disqualified from presiding over any further proceedings in those cases. Kinstle also alleges that the judge has failed to rule promptly on some pending matters. In addition, he contends that the judge should be disqualified because the county clerk of courts is a defendant in one of the cases, and he states that he intends to call the judge as a witness in that case.

{¶ 3} Judge Warren has responded in writing to the affidavit. He acknowledges that he does own stock in a bank as described in the affidavit, although that bank is evidently not a party to any of the cases. The judge states that his ownership stake in the bank will not affect his decisions, and he contends that he holds no preconceived ideas about the cases and is able to preside fairly and impartially.

{¶ 4} I find no basis for ordering the disqualification of Judge Warren. To be sure, Canon 3(E)(1)(c) of the Ohio Code of Judicial Conduct directs judges to step aside from those cases in which they have "an economic interest in the subject

matter in controversy or in a party to the proceeding," or in which they hold any other interest "that could be substantially affected by the proceeding." The record before me, however, does not provide compelling evidence that Judge Warren's ownership of shares in a particular bank would cause a "reasonable and objective observer" to "harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis,* 105 Ohio St.3d 1239, 2004-Ohio-7359, 826 N.E.2d 299, ¶ 8. The bank is not alleged to be a party to the cases, the value of the judge's holdings is not provided in the affidavit, and any possible litigation-related impact on the bank itself or its stock value is not explained in the affidavit. I cannot conclude on this record that any substantial economic interest of Judge Warren is likely to be affected by the outcome of the cases in question.

{¶ 5} "As for the judge's alleged failure to provide timely rulings on motions, that concern is not one that can be addressed through an affidavit of disqualification." *In re Disqualification of Eyster,* 105 Ohio St.3d 1246, 2004-Ohio-7350, 826 N.E.2d 304, ¶ 4. There is no evidence in the record before me to suggest that any delay in the issuance of the judge's rulings is the result of bias or prejudice against Kinstle, and a party's disagreement or dissatisfaction with a court's rulings of law, without more, does not demonstrate bias or prejudice. *In re Disqualification of Murphy* (1988), 36 Ohio St.3d 605, 606, 522 N.E.2d 459.

{¶ 6} Nor does the county clerk of courts' status as a party in one of the cases compel the judge's disqualification. The clerk and the judge are independently elected officials who run separate offices, and neither has supervisory authority over the other. Judges are "elected to preside fairly and impartially over a variety of legal disputes, including those involving public officials." *In re Disqualification of Villanueva* (1995), 74 Ohio St.3d 1277, 1278, 657 N.E.2d 1372. No information in the affidavit suggests that Judge Warren cannot serve fairly and impartially despite the clerk's role in one of the cases, and the judge has offered assurances that he holds no preconceived views about the proper outcome of the issues before him.

{¶ 7} The fact that Kinstle hopes to call the judge as a witness does not compel the judge's disqualification either. I have declined to establish a rule "requiring disqualification of a judge based solely on suppositions that the judge may be called as a witness or allegations that the judge possesses evidence material to the case." *In re Disqualification of Gorman* (1993), 74 Ohio St.3d 1251, 657 N.E.2d 1354. To be sure, under Canon 3(E)(1)(d)(v) of the Ohio Code of Judicial Conduct, a judge who knows that he or she is "likely to be a material witness in the proceeding" must step aside, but "[w]here the evidence concerning the transactions in issue may be obtained from witnesses other than the trial judge, then the trial judge is not such a material witness as to require a disqualification." *Bresnahan v. Luby* (1966), 160 Colo. 455, 458, 418 P.2d 171. Mere

"[f]amiliarity with the circumstances surrounding the trial does not render the judge a material witness." Id. See, also, *Wingate v. Mach* (Fla.1934), 117 Fla. 104, 108, 157 So. 421 (a material witness is one who is able to give testimony about a fact "about which no other witness might testify"); *Coleman v. State* (1981), 194 Mont. 428, 435, 633 P.2d 624 ("the post-conviction court judge should only recuse himself if the petitioner shows that the judge is the source of material evidence otherwise unobtainable"); *Robison v. State* (Okla.Crim.App.1991), 818 P.2d 1250, 1252 (trial judge was not required to disqualify himself from a postconviction hearing where his testimony would have been "either cumulative * * * or immaterial").

{¶ 8} If Judge Warren concludes that he is likely to be material witness in the proceedings, he can and should disqualify himself as Canon 3(E)(1)(d)(v) directs. On the record before me, however, I cannot conclude that the judge possesses knowledge that he is likely to be such a witness, and the information in the affidavit itself would not lead an objective, reasonable observer to harbor serious doubts about Judge Warren's ability to decide the cases impartially. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 9} For the reasons stated above, the affidavit of disqualification is denied. The cases may proceed before Judge Warren.