[Cite as *State v. Jackson*, 2015-Ohio-6.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2008-T-0077** |
| NATHANIEL JACKSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2001 CR 794.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Trumbull County Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Timothy Young*, Ohio Public Defender, and *Randall L. Porter*, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43215-9308 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Nathaniel Jackson, appeals from the July 16, 2008 judgment entry of the Trumbull County Court of Common Pleas, overruling his request for leave to file his motion for a new trial and his motion for a new trial. For the reasons that follow, the judgment of the trial court is affirmed.

{¶2} In November 2002, appellant was found guilty of two counts of aggravated murder, one count of aggravated burglary, and one count of aggravated robbery. The charges stemmed from the shooting death of Robert Fingerhut. At the time of his death, Mr. Fingerhut was residing with his former wife, Donna Roberts. During the months prior to Mr. Fingerhut's murder, appellant and Roberts exchanged letters and phone calls in which they plotted for appellant to murder Mr. Fingerhut so that Roberts could collect life insurance proceeds in excess of $500,000. Roberts was also charged with murder for her role in Mr. Fingerhut's death.

{¶3} Appellant was found guilty, and the jury recommended the death penalty. After weighing the aggravating circumstances and the mitigating facts, the trial court concluded the death penalty was appropriate. In January 2003, appellant filed a direct appeal of his death penalty to the Ohio Supreme Court. The Supreme Court affirmed appellant's convictions and the imposition of the death penalty. *State v. Jackson*, 107 Ohio St.3d 300, 2006-Ohio-1.

{¶4} In June 2004, appellant's original and amended petitions for postconviction relief were denied by the trial court. This court affirmed the trial court's judgment. *State v. Jackson*, 11th Dist. Trumbull No. 2004-T-0089, 2006-Ohio-2651. The Ohio Supreme Court declined jurisdiction. *State v. Jackson*, 111 Ohio St.3d 1469, 2006-Ohio-5625.

{¶5} On August 2, 2006, the Ohio Supreme Court vacated Donna Roberts' death sentence on the basis of ex parte communication between the prosecution and Judge John M. Stuard, the common pleas court judge who presided over both Roberts' and appellant's trials. *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, ¶3. The

2

ex parte communication at issue was the use of the prosecutor in preparing the court's sentencing opinion without the inclusion of defense counsel in the process. *Id.*

**{¶6}** On September 5, 2006, presumably based on the *Roberts* decision, appellant filed a Civ.R. 60(B) motion for relief from the trial court's judgment entry denying his petition for postconviction relief.

**{¶7}** While his Civ.R. 60(B) motion for relief was pending, appellant filed an application for disqualification of Judge Stuard, stating the following: "1) Judge Stuard has a personal stake in the outcome, 2) Judge Stuard has personal knowledge of disputed evidentiary facts, and 3) Judge Stuard will be called as a material witness." On November 29, 2006, former Chief Justice Thomas Moyer declined to disqualify Judge Stuard. *In re Disqualification of Stuard*, 113 Ohio St.3d 1236, 2006-Ohio-7233*.*

**{¶8}** The trial court denied appellant's Civ.R. 60(B) motion, and this court affirmed. *State v. Jackson*, 11th Dist. Trumbull No. 2008-T-0024, 2010-Ohio-1270. The Ohio Supreme Court declined jurisdiction. *State v. Jackson*, 135 Ohio St.3d 1470, 2013-Ohio-2512.

**{¶9}** On February 29, 2008, while his appeal from the trial court's denial of his Civ.R. 60(B) motion for relief was pending with this court, appellant filed a motion for new trial and/or sentencing hearing. The basis of appellant's motion was the collaboration between Judge Stuard and the prosecution in drafting Judge Stuard's sentencing opinion.

**{¶10}** On May 4, 2009, the trial court denied appellant's motion for new trial and/or sentencing. Appellant appealed the trial court's judgment to this court. *State v. Jackson*, 190 Ohio App.3d 319, 2010-Ohio-5054 (11th Dist.). We reversed and

3

remanded the case for resentencing on the basis that the same drafting procedures involving the sentencing entry that occurred in *Roberts* took place in appellant's case. *Id.* at ¶29.[1]

**{¶11}** On June 24, 2008, appellant filed a request for leave to file his motion for a new trial and a motion for a new trial based on ex parte communications between Judge Stuard and the prosecution. This time, the ex parte communications involved the prosecution's involvement in writing Judge Stuard's findings of fact and conclusions of law overruling appellant's motion to suppress. Appellant's request for leave argued that the Ohio Supreme Court's review of the trial court's denial of his motion to suppress in his first direct death-penalty appeal was based upon the assumption that the trial court, not the prosecutor's office, made the required findings of fact overruling his motion to suppress.

**{¶12}** On July 8, 2008, appellee filed a response in opposition to appellant's request for leave and motion for a new trial.

**{¶13}** On July 16, 2008, in a single judgment entry, the trial court held that "defendant's Motion for Leave to File a Motion for New Trial is granted [and] defendant's Motion for New Trial is overruled." The trial court overruled appellant's motions on the basis that "Crim.R. 33 is not the appropriate vehicle for a new sentencing hearing", and even if Crim.R. 33 were applicable, appellant "failed to provide that he was unavoidably prevented from discovering the evidence upon which his motion is based."

---

1. On August 14, 2012, the trial court re-sentenced appellant to death. Appellant subsequently filed a second direct appeal of his death penalty, which is currently pending with the Ohio Supreme Court. *State v. Jackson*, Ohio Supreme Court No. 2012-1644.

4

{¶14} Appellant timely appealed the trial court's judgment entry. On December 3, 2008, this court ordered, sua sponte, "that all appellate proceedings in this court are hereby stayed pending the resolution of the appeal with the Supreme Court of Ohio, or until further order of this court[.]" The stay was dissolved on December 31, 2009, and the appeal was dismissed upon motion of appellee. This dismissal entry was vacated by the Ohio Supreme Court on June 5, 2013, and the appeal was reinstated with this court on September 5, 2013. The parties subsequently filed supplemental briefs.

{¶15} On appeal, appellant sets forth three assignments of error. In his first assignment of error, appellant argues:

{¶16} "The trial court erred when it presided over appellant's motion for a new trial."

{¶17} Within this assignment of error appellant asserts he was denied his right to a fair and impartial tribunal. R.C. 2701.03(A) provides:

> If a judge of the court of common pleas allegedly * * * has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court * * *.

Similarly, Article IV, Section 5 of the Ohio Constitution provides that "[t]he chief justice of the supreme court or any judge of that court designated by him shall pass upon the disqualification of any judge of the courts of appeals or courts of common pleas or division thereof."

{¶18} R.C. 2701.03(A) and Article IV, Section 5 of the Ohio Constitution reflect the oft-repeated position that courts of appeals do not have the authority to rule upon the disqualification of a trial judge nor do they have the authority to void a judgment of

5

the trial court upon that basis. *State v. Ramos*, 88 Ohio App.3d 394, 398 (1993), citing *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442 (1978).

{¶19} In the present case, appellant sought to disqualify Judge Stuard using the procedure set forth in R.C. 2701.03. Former Chief Justice Thomas Moyer declined to remove Judge Stuard from the case. *In re Disqualification of Stuard*, *supra*. In overruling appellant's motion to disqualify Judge Stuard, former Chief Justice Moyer stated there was "no evidence in the record * * * to suggest that [Judge Stuard] has shown any hostility or bias toward either party, and there is no indication that [Judge Stuard] is unable or unwilling to resolve any remaining disputed matters with an open state of mind." *Id.* at ¶8. This court cannot substitute its own judgment for that of Chief Justice Moyer.

{¶20} Accordingly, because neither the Ohio Constitution nor the legislature has granted jurisdiction to this court to review the administrative actions of the Chief Justice, we do not have jurisdiction to review this issue.

{¶21} Appellant's first assignment of error is without merit.

{¶22} Appellant's second and third assignments of error state:

> [2.] The trial court erred when it overruled appellant's motion for a new trial.

> [3.] The trial court erred when it overruled appellant's motion for leave to file his motion for a new trial and his motion for a new trial without conducting an evidentiary hearing.

{¶23} As both appellant's second and third assignments of error ask us to review the trial court's decision to overrule appellant's request for leave and motion for new trial, they are considered in a consolidated fashion.

6

**{¶24}** Before trial, appellant sought to suppress his confession made to Howland Township Police. The trial court overruled appellant's motion to suppress after concluding that appellant was sufficiently advised of his *Miranda* rights and voluntarily waived those rights. *Jackson*, 2006-Ohio-1, at ¶83. In overruling appellant's motion to suppress, the trial court also found that appellant had not unambiguously or unequivocally requested counsel before or during questioning. *Id.* In his direct death-penalty appeal, the Ohio Supreme Court affirmed the trial court's judgment overruling appellant's motion to suppress. *Id.* at ¶100.

**{¶25}** On June 24, 2008, appellant filed a "request for leave to file his motion for a new trial" and a "motion for a new trial." The basis of appellant's request for leave was that, as a result of disciplinary proceedings against Judge Stuard and a pair of Trumbull County assistant prosecutors, he became aware on April 18, 2008, that appellee was responsible for drafting the trial court's findings of fact and conclusions of law overruling his motion to suppress. Appellant's motion requested an evidentiary hearing.

**{¶26}** On July 8, 2008, appellee filed a memorandum in opposition to appellant's request for leave and motion for new trial. In its response, appellee argued that appellant's motion for new trial was untimely under Crim.R. 33(B) because the "transcripts presented do not qualify as 'newly discovered evidence' in Defendant's trial." Appellee's memorandum in opposition also pointed out that appellant does not challenge any of the trial court's actual findings which overruled his motion to suppress, only the manner in which the judgment entry was drafted.

7

{¶27} On July 16, 2008, the trial court filed a single judgment entry which, although unclear, appears to deny both appellant's request for leave to file a motion for new trial and appellant's motion for new trial. The first paragraph of the entry states:

> This matter is before the Court on defendant's Motion for Leave to File a Motion for New Trial and upon defendant's Motion for New Trial, and the Court, having read the briefs of counsel and being fully advised in the matter, finds that defendant's motions are not supported by Ohio law, are not well taken, and must be denied.

{¶28} The trial court's judgment entry found that "Crim.R. 33 is not the appropriate vehicle for a new sentencing hearing * * * [and the] motions are untimely under Crim.R. 33(B), even if that rule is applicable." In finding appellant's request untimely, the trial court stated that appellant "failed to provide that he was unavoidably prevented from discovering the evidence upon which his motion is based" within the time frame permitted by Crim.R. 33.

{¶29} Despite finding appellant's motion to be untimely, the judgment entry concludes by stating: "Accordingly, defendant's Motion for Leave to File a Motion for New Trial is granted. Defendant's Motion for New Trial is overruled. IT IS SO ORDERED."

{¶30} This court has previously explained the mechanics of Crim.R. 33:

> The foregoing rule anticipates a two-step process where the motion for new trial is made outside the permissible timeframe for filing the motion. First, the trial court must find the party was unavoidably prevented from filing his motion within the prescribed window set forth in Crim.R. 33(B). The party must then file his or her motion within seven days of the trial court's determination. 'Crim.R. 33 does not specify the procedure by which the initial order is to be obtained.

*State v. Elersic*, 11th Dist. Geauga No. 2006-G-2740, 2007-Ohio-3371, ¶23 (citations omitted). A trial court may not consider the merits of the motion for a new trial until it

8

makes a finding of unavoidable delay. *State v. Stevens*, 2d Dist. Montgomery Nos. 23236 & 23315, 2010-Ohio-556, ¶11.

**{¶31}** Crim.R. 33(B) provides that a motion for new trial upon the ground of newly discovered evidence must be filed within 120 days after the verdict was rendered unless "it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely" within the 120-day period.

**{¶32}** We therefore note at the onset that the trial court could have only properly granted appellant's request for leave to file his motion for new trial if it found he clearly and convincingly demonstrated that he was unavoidably prevented from discovering the facts upon which he based his motion for new trial within 120 days of the verdict. Here, however, the judgment entry also states that appellant's request for leave to file his motion for new trial was untimely. This statement, as well as the statement of denial in the first paragraph, renders the judgment entry internally inconsistent. However, the undeniable effect of the trial court's analysis is that the request for leave was overruled; thus, the merits of the motion for new trial were never considered. Our review is therefore limited to whether appellant clearly and convincingly demonstrated that he was unavoidably prevented from discovering the evidence, upon which he must rely in his motion for new trial, within 120 days of the November 12, 2002 verdict.

**{¶33}** "The standard of 'clear and convincing evidence' is defined as 'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm

9

belief or conviction as to the facts sought to be established.'" *State v. Schiebel*, 55 Ohio St.3d 71, 74 (1990), citing *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

> **{¶34}** Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof. However, it is also firmly established that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court. An appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court judge.

*Id.* (citations omitted).

**{¶35}** When a motion for leave to file a motion for new trial is filed, the trial court has three options. First, if it determines that the documents in support of the motion on their face do not demonstrate that the movant was unavoidably prevented from discovering the evidence, it may either overrule the motion or hold a hearing. *See State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, ¶19 (2d Dist.) ("a trial court has discretion when deciding whether to grant leave to file a motion for a new trial, or whether to hold a hearing on the issue"). Second, if the trial court determines that the documents submitted clearly and convincingly demonstrate the movant was unavoidably prevented from discovering the evidence, the court must grant the motion for leave and allow the motion for new trial to be filed. *See* Crim.R. 33(B). Third, if the trial court determines the documents on their face "support the movant's claim that he was unavoidably prevented from timely discovering the evidence, the trial court must conduct a hearing to determine whether there * * * is clear and convincing proof of unavoidable delay." *State v. York*, 2d Dist. Greene No. 99-CA-54, 2000 Ohio App.

10

LEXIS 550, *3-4 (Feb. 18, 2000), citing *State v. Wright*, 67 Ohio App.3d 827, 828 (1990); *see also State v. Rice*, 11th Dist. Ashtabula No. 2012-A-0062, 2014-Ohio-4285, ¶14.

**{¶36}** To support his argument that he was unavoidably prevented from discovering that appellee drafted the judgment entry overruling his motion to suppress within the prescribed window set forth in Crim.R. 33(B), appellant relies on the fact that evidence underlying his motion did not surface until the disciplinary proceedings against Judge Stuard commenced. Appellant's newly discovered evidence is comprised mostly of evidence from Judge Stuard's disciplinary hearing. This evidence includes the depositions of Judge Stuard and a pair of Trumbull County assistant prosecutors.

**{¶37}** Appellant became aware that assistant prosecutors from the Trumbull County Prosecutor's Office drafted some judgment entries for the Trumbull County Court of Common Pleas judges in 2006, yet he did not file his motion for leave until June 24, 2008. We are not persuaded by appellant's argument that, while he knew as early as the Ohio Supreme Court's 2006 decision in *Roberts* that assistant prosecutors from the Trumbull County Prosecutor's Office drafted some judgment entries, he had no reason to know that appellee drafted the judgment entry overruling his motion to suppress until his counsel was directed to them during disciplinary proceedings pending against Judge Stuard.

**{¶38}** We agree that appellant's request for leave to file his motion for new trial is untimely under Crim.R. 33. Because none of the documents attached to appellant's request for leave clearly and convincingly demonstrate that appellant was unavoidably prevented from discovering the evidence on which he relies, he was required to file his

11

request for leave either within 120 days of the verdict (for a motion based on newly discovered evidence) or within 14 days of the verdict (for any of the other permissible reasons enumerated in Crim.R. 33(A)).

{¶39} Additionally, as appellant's request for leave to file a motion for a new trial did not include documents which, on their face, either demonstrate or support the argument that appellant was unavoidably prevented from discovering the evidence, we hold that the trial court was not required to conduct a hearing on the issue. *See York*, *supra*, at *3-4. Because we hold the denial of appellant's request for leave to file his motion for a new trial was proper, we do not need to consider the merits of his motion for a new trial.

{¶40} Appellant's second and third assignments of error are not well taken.

{¶41} As appellant's three assignments of error are without merit, the judgment of the Trumbull County Court of Common Pleas is hereby affirmed.

DIANE V. GRENDELL, J., concurs with a Concurring Opinion,
COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

DIANE V. GRENDELL, J., concurs with a Concurring Opinion.

{¶42} I concur in this court's judgment and opinion to affirm the judgment of the lower court. I write separately to address the dissent's argument that the Ohio Supreme Court's decision in *State v. Roberts*, 137 Ohio St.3d 230, 2013-Ohio-4580, 998 N.E.2d 1100, compels a reversal of that judgment.

12

**{¶43}** The dissent characterizes the issues raised in the present appeal as "also mainly the same as those in the case of his co-defendant, Donna Roberts." *Infra* at ¶ 54. On the contrary, the Ohio Supreme Court's decision in *Roberts* involves issues completely distinct from the ones raised in the present appeal.

**{¶44}** The present case is an appeal from the lower court's rulings on a Motion for Leave to File a Motion for New Trial and Motion for a New Trial and/or Sentencing Hearing. Jackson's Motions were made, respectively, "pursuant to Crim.R. 33(A)(1)(2)(5) and (6)" and "pursuant to Crim.R. 33, Civ.R. 59 and Civ.R. 60(B)." The *Roberts* decision was "a death-penalty direct appeal as of right." *Roberts*, 2013-Ohio-4580, at ¶ 1.

**{¶45}** The Motion for Leave to File a Motion for New Trial was based on allegations that "the Trumbull County Prosecutor's Office, at the time of Jackson's trial, routinely drafted, with respect to motions to suppress, the findings of fact and conclusions of law for the Trumbull County Common Pleas Court Judges." Jackson sought a new trial on the merits of the charges.

**{¶46}** The Motion for a New Trial and/or Sentencing Hearing was based on allegations that the trial "[c]ourt and the prosecution impermissibly corroborated in the drafting of the sentencing opinion" and "denied Nathaniel Jackson his right of allocution." Jackson sought "an entirely new mitigation hearing including the presentation of evidence."

**{¶47}** This remedy actually exceeds what the Ohio Supreme Court ordered in Roberts' case. There, the Supreme Court instructed the trial court as follows: "On remand, the trial judge will afford Roberts her right to allocute, and the trial court shall

13

personally review and evaluate the evidence, weigh the aggravating circumstances against any relevant mitigating evidence, and determine anew the appropriateness of the death penalty as required by R.C. 2929.03. The trial court will then personally prepare an entirely new penalty opinion * * *." *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, ¶ 167. Jackson did not believe "that the Ohio Supreme Court ordered the appropriate remedy" in Roberts' case.

**{¶48}** Likewise, the dissent in the present case believes, "pursuant to the Supreme Court of Ohio's most recent decision in *Roberts*," that Jackson's "sentence should also be vacated and remanded for resentencing," and that he "is entitled to present any relevant evidence in mitigation." *Infra* at ¶ 88.

**{¶49}** Far from mandating a new sentencing hearing, the Ohio Supreme Court rejected Roberts' argument that she was "entitled * * * to introduce mitigating evidence before the trial judge on remand" from the 2006 decision. 2013-Ohio-4580, at ¶ 25. This part of the 2013 *Roberts* decision actually forecloses the relief urged by the dissent and sought by Jackson in his Motion for a New Trial and/or Sentencing Hearing, i.e., an entirely new mitigation hearing.

**{¶50}** The Ohio Supreme Court reversed Roberts' sentence in 2013 based on the argument that "the trial court's failure to discuss the allocution in its opinion [on remand] shows that the trial court failed to consider her allocution." *Id.* at ¶ 53. The court explained "that the particular circumstances of this case warrant the inference that the trial judge did, in fact, fail to consider Roberts's allocution in sentencing her to death." *Id.* at ¶ 55.

14

**{¶51}** The foregoing brief description of the procedural posture of these two cases demonstrates that the Supreme Court's 2013 *Roberts* decision has virtually no relevance to the issues before this court, with the possible exception of the allocution issue. But even here, the situations are not comparable. In *Roberts*, the allocution issue was raised on direct appeal. In the present case, the merits of the allocution issue were not reached. The trial court in this case noted that Jackson raised the argument within the context of a Criminal Rule 33 motion. The lower court had no choice but to deny Jackson's motion without addressing the merits, bound as it was by the precedent set by this court:

> At the outset, we note that [appellant] filed his "motion for new sentencing hearing" pursuant to Crim.R. 33 based upon alleged, assumed irregularities committed by the trial judge in permitting the prosecutor to aid him in the drafting of the sentencing entry. However, as the trial court so aptly noted, there is no provision in the Ohio Criminal Rules that provides for a new sentencing hearing. Crim.R. 33, upon which [appellant] relies, only applies to motions for a new trial. A "motion for a new sentencing hearing" is an anomaly and does not fall within the purview of Crim.R. 33. Therefore, [appellant's] reliance on Crim.R. 33 is misplaced.

*State v. Davie*, 11th Dist. Trumbull No. 2007-T-0069, 2007-Ohio-6940, ¶ 8.

**{¶52}** In sum, the Ohio Supreme Court's 2013 *Roberts* decision provides no justification for reversal in the present case. I fully concur in the decision to affirm.

_____

15

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

**{¶53}** I respectfully dissent.

**{¶54}** Appellant appeals the trial court's July 16, 2008 judgment overruling his motion for new trial. The issues in this case concern appellant's death sentence and his right to a fair trial. The issues here are mainly the same as those raised by appellant in his second direct appeal currently pending before the Supreme Court of Ohio, Case No. 2012-1644, as well as his other appeal before this court, Case No. 2013-T-0103, (from the trial court's September 27, 2013 judgment dismissing his post-conviction petition.)

**{¶55}** Appellant's issues are also mainly the same as those in the case of his co-defendant, Donna Roberts, wherein the Supreme Court of Ohio vacated her death sentence for the second time and remanded the case again for resentencing. *State v. Roberts*, 137 Ohio St.3d 230, 2013-Ohio-4580.[2]

**{¶56}** Based on the foregoing, and for the reasons discussed below, I believe appellant's sentence should be vacated and the matter remanded to the trial court for resentencing.

**{¶57}** **Procedural Background**

**{¶58}** At the outset, this writer notes that appellant and Roberts have had numerous appeals, which have moved along at different speeds throughout our justice system, as a result of complicated procedural and fact patterns.

**{¶59}** On December 28, 2001, appellant was indicted on various charges, including aggravated murder, for the shooting death of Robert Fingerhut. At the time of

---

2. Pursuant to the Supreme Court's remand, on April 30, 2014, Trumbull County Court of Common Pleas Judge Ronald Rice resentenced Roberts to the death penalty.

16

his death, Fingerhut was residing with his former wife, Roberts. Roberts, who had an affair with appellant, was also charged with murder for her role in Fingerhut's death.

{¶60} At his arraignment, appellant pleaded not guilty. He later filed a motion to suppress. Following a hearing, the trial court filed findings of fact and conclusions of law denying appellant's motion. It was later determined that the Trumbull County prosecutor's office drafted the trial court's findings of fact and conclusions of law denying appellant's motion to suppress.

{¶61} A jury trial commenced on October 8, 2002 before the late Judge John M. Stuard.[3] On November 12, 2002, appellant was found guilty of two counts of aggravated murder, one count of aggravated burglary, and one count of aggravated robbery. Under both of the aggravated murder counts, the jury recommended the death penalty and Judge Stuard concluded the death penalty was appropriate.[4] In addition, the court imposed separate sentences on the charges of aggravated burglary, aggravated robbery, and the merged firearm specifications.

{¶62} **Appellant's Three Pending Cases**

{¶63} Throughout the following years, appellant and Roberts have had a series of multiple direct and post-conviction appeals. As stated, appellant has three appeals currently pending, one before the Supreme Court of Ohio and two before this court:

{¶64} (1) Appellant's second direct appeal before the Supreme Court of Ohio, Case No. 2012-1644, from the August 2012 resentencing hearing before Judge Stuard;

---

3. Judge Stuard was a fine jurist committed to public service. He passed away on February 7, 2013, shortly after his retirement from the bench. Judge Stuard was replaced by Judge Ronald Rice.

4. The Trumbull County Grand Jury found appellant's co-defendant, Roberts, guilty and she was also sentenced to death.

17

**{¶65}** (2) The instant appeal before this court, Case No. 2008-T-0077, from the trial court's July 16, 2008 judgment overruling his motion for new trial (on remand from the Supreme Court of Ohio in *State v. Jackson*, 135 Ohio St.3d 1455, 2013-Ohio-2285); and

**{¶66}** (3) Appellant's other appeal before this court, Case No. 2013-T-0103, from the trial court's September 27, 2013 judgment dismissing his post-conviction petition in which he challenged, inter alia, his resentencing by Judge Stuard and his death sentence.

**{¶67}** This writer notes again that the issues in appellant's direct appeal with the Supreme Court of Ohio and both appeals before this court concern appellant's death sentence and his right to a fair trial. The relief sought by appellant is that he either be granted a new trial or that he be resentenced. For the reasons that follow, I believe appellant should be resentenced.

**{¶68}** **Pleadings At Issue In The Instant Appeal:**

**{¶69}** **"Motion for a New Trial and/or Sentencing Hearing"**

**{¶70}** On February 29, 2008, appellant filed a "Motion for a New Trial and/or Sentencing Hearing," seeking a new trial or at least an evidentiary hearing with respect to his death sentence. In his motion, appellant, relying on the Supreme Court of Ohio's decision in *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, wherein the Court initially vacated Roberts' death sentence and remanded for resentencing, argued: (1) that an impermissible ex parte collaboration occurred between Judge Stuard and the prosecution regarding the drafting of his sentencing opinion; and (2) that he was deprived of his right to allocution. The trial court conducted a status conference on April

18

18, 2008. Appellant later filed an application to disqualify Judge Stuard which was denied.

**{¶71} "Request for Leave to File his Motion for a New Trial" and "Motion for New Trial"**

**{¶72}** On June 24, 2008, appellant filed a "Request for Leave to File his Motion for a New Trial" with an attached "Motion for New Trial." Appellant alleged that following the April 18, 2008 status conference, he determined that the prosecutors' involvement in the drafting process was not limited to the sentencing opinion but rather also included the motion to suppress findings of fact and conclusions of law filed prior to his capital trial. Appellant maintained that the judicial and prosecutorial collaborative misconduct warrants the granting of a new trial, or at a minimum, an evidentiary hearing with respect to his death sentence.

**{¶73} The Instant Appealed Judgment**

**{¶74}** On July 16, 2008, the trial court overruled appellant's motion for new trial. The court ruled that Crim.R. 33 is not the appropriate vehicle for a new sentencing hearing. The court further found appellant's motion was untimely under Crim.R. 33(B) and that it failed to articulate any grounds as listed in Crim.R. 33(A). Appellant filed a timely appeal with this court.[5]

**{¶75} Assignments of Error in the Instant Appeal**

**{¶76}** Presently before us in this appeal are three assignments of error:

---

5. Appellant initially appealed the trial court's July 16, 2008 judgment on August 14, 2008. This court later dismissed the appeal on December 31, 2009. On June 5, 2013, the Supreme Court of Ohio remanded the matter back to this court. *Jackson*, 135 Ohio St.3d 1455, 2013-Ohio-2285.

**{¶77}** "[1.] The trial court erred when it presided over appellant's motion for a new trial.

**{¶78}** "[2.] The trial court erred when it overruled appellant's motion for a new trial.

**{¶79}** "[3.] The trial court erred when it overruled appellant's motion for leave to file his motion for a new trial and his motion for a new trial without conducting an evidentiary hearing."

**{¶80}** Each of appellant's assignments of error focuses on his motion for new trial in which he namely sought a new trial or an evidentiary hearing concerning his death sentence. In the July 16, 2008 appealed judgment, Judge Stuard, before overruling appellant's motion, referenced the fact that appellant "seeks a new trial or at least an evidentiary hearing with respect to his sentence to death."

**{¶81}** Appellant challenges the mitigation aspect of his trial and the sentence handed down by Judge Stuard. Appellant was not permitted by Judge Stuard to introduce additional evidence. Under his first assignment of error at page 12 of his appellate brief before this court, appellant requests that we "should vacate the trial judge's July 16, 2008 decision denying [his] motion for a new trial and remand this matter so that [he] may have the benefit of an impartial and unbiased sentencer * * *." Under his second assignment of error at page 21 of his brief, appellant references the fact that "[t]he present posture of this case is directly analogous to the posture of the *Roberts* case," and states at page 22 that "[t]he wrong entity, a biased entity" drafted the court's findings of fact and conclusions of law denying his motion to suppress.

Appellant also references at page 24 under his third assignment or error that he supported his motions with transcripts and the sentencing opinion from Roberts' case.

**{¶82}** For ease of discussion, I will address appellant's third assignment of error first.

**{¶83}** In his third assignment, appellant argues that Judge Stuard erred in overruling his motion for a new trial and/or sentencing without conducting an evidentiary hearing with regard to his death sentence.

**{¶84}** "In Ohio, imposition of the death penalty for aggravated murder is precluded unless one or more of the *statutory* aggravating circumstances set forth in R.C. 2929.04(A)(1) through (8) are specified in the indictment and proved beyond a reasonable doubt. See R.C. 2929.04(A). As * * * explained in [*State v.*] *Gumm*, 73 Ohio St.3d [413,] 417 [(1995)], 'in Ohio, a capital defendant is tried and sentenced in a two-stage process. During the first phase (commonly referred to as the "guilt phase") the state must prove the defendant guilty beyond a reasonable doubt of the crime of aggravated murder, and must also prove the defendant guilty of at least one statutorily defined "aggravating circumstance" as set forth in R.C. 2929.04(A)(1) through (8). At the point in time at which the factfinder (either a jury or three-judge panel) finds the defendant guilty of both aggravated murder and an R.C. 2929.04(A) specification, the defendant has become "death-eligible," and a second phase of the proceedings (the "mitigation" or "penalty" or "sentencing" or "selection" phase) begins. R.C. 2929.03(C)(2) and (D)(1).'" *State v. Wogenstahl*, 75 Ohio St.3d 344, 352 (1996).

**{¶85}** The Due Process Clause of the Fourteenth Amendment requires that a defendant be afforded a "'fair trial in a fair tribunal' before a judge with no actual bias

21

against the defendant or interest in the outcome of his particular case." (Citation omitted.) *Bracy v. Gramley*, 520 U.S. 899, 904-05 (1997). "A capital defendant has a constitutional right to mitigate his sentence." *Chinn v. Warden, Mansfield Corr. Inst.*, S.D.Ohio No. 3: 02-cv-512, 2011 U.S. Dist. LEXIS 130855, *241 (S.D. Ohio2011), citing *Lockett v. Ohio*, 438 U.S. 586, 608 (1978).

{¶86} Courts are required to consider any evidence in mitigation that a defendant is able to present at the time of his sentencing. The United States Constitution requires "that the sentencer, in all but the rarest kind of capital case, not be precluded from considering, *as a mitigating factor*, any aspect of a defendant's character or record * * * that the defendant proffers as a basis for a sentence less than death." (Emphasis sic.) (Footnotes omitted.) *Lockett, supra,* at 604. Thus, a sentencer may not refuse to consider or be precluded from considering any relevant mitigating evidence. These directives are just as important in resentencing as they are in the original sentencing, and are consistent with the directive in R.C. 2929.04(C) that a defendant "be given great latitude" in presenting evidence of mitigating factors. *See, e.g., Davis v. Coyle*, 475 F.3d 761 (6th Cir.2007).

{¶87} In this case, as stated, a jury trial was held before the late Judge Stuard. The jury found appellant guilty of two counts of aggravated murder, one count of aggravated burglary, and one count of aggravated robbery. Under both of the aggravated murder counts, and after finding an R.C. 2929.04(A) specification, the jury recommended the death penalty and Judge Stuard concluded the death penalty was appropriate. In the matter involving appellant's co-defendant, the jury also

22

recommended that Roberts receive the death penalty and Judge Stuard concluded the death penalty was appropriate in her case.

{¶88} This writer notes again that the fact pattern in this case is factually the same as that in the matter involving Roberts. *See State v. Jackson,* 190 Ohio App.3d 319, 2010-Ohio-5054, ¶29 (11th Dist.2010). The record establishes that the same improper drafting procedures involving the sentencing entry which occurred in Roberts' case took place in this case as well. Like Roberts' case, this case also involves a very serious matter as appellant's life is on the line. Thus, pursuant to the Supreme Court of Ohio's most recent decision in *Roberts*, 137 Ohio St.3d. 230, 2013-Ohio-4580, I believe appellant's sentence should also be vacated and remanded for resentencing. Based on the facts presented in this case, and the irregularities in the sentencing and resentencing of appellant for the third time, I further determine appellant is entitled to present any relevant evidence in mitigation pursuant to R.C. 2929.03, R.C. 2929.04, and the Due Process Clause of the Fourteenth Amendment under the United States Constitution.

{¶89} I believe appellant's third assignment of error is with merit.

{¶90} In his first assignment of error, appellant alleges Judge Stuard erred in presiding over his motion for new trial and/or sentencing.

{¶91} As stated, during the pendency of this appeal, Judge Stuard became deceased. Because I believe this case should be remanded for resentencing, which necessarily will be conducted by a different judge, I determine appellant's first assignment to be moot. *See* App.R. 12(A)(1)(c); *see also Roberts*, 2013-Ohio-4580, at ¶78.

23

**{¶92}** In his second assignment of error, appellant contends the trial court erred in overruling his motion for new trial and/or sentencing.

**{¶93}** Based on this writer's disposition in appellant's third assignment of error, and because I believe this case should be remanded for resentencing, I determine appellant's second assignment to be moot. *See* App.R. 12(A)(1)(c).

**{¶94}** For the foregoing reasons, this writer believes appellant's third assignment of error is well-taken and his first and second assignments of error are moot. I would vacate appellant's sentence and remand this case for resentencing.

**{¶95}** Accordingly, I respectfully dissent.